FILED

**CRAIG BERKMAN, PRO SE**
E-mail: c_berkman@yahoo.com
7722 Still Lakes Drive
Odessa, FL 33556
Telephone: (503) 799-4409

12 AUG 21  PM 3: 10

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | |
|---|---|
| **CRAIG BERKMAN,** ) | |
| ) | **CASE: 8:12-MC-66-T-17TGW** |
| Plaintiff, ) | |
| ) | **OBJECTIONS TO MAGISTRATE'S** |
| **v.** ) | **ORDER AND APPEAL TO** |
| ) | **DISTRICT COURT** |
| **UNITED STATES SECURITIES** ) | |
| **AND EXCHANGE COMMISSION,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, Craig Berkman, objects to the Order of United States Magistrate Judge

Thomas G. Wilson, dated August 7, 2012, and, pursuant to Rule 72(b), F. R. Civ. P.,

appeals to a United States District Court Judge.[1]

//

---

[1] This "appeal" is somewhat *sui generis.* The authority of the Magistrate to
determine the matter is not specifically set forth in Title 28, U.S.C., §636. Rule 72,
F. R. Civ. P., does not specifically identify this action nor does Local Rule 6. We are
assuming, therefore it is a "Dispositive Motion" pursuant to Rule 72(b), F. R. Civ. P.

Page 1 -    OBJECTIONS TO MAGISTRATE'S ORDER AND APPEAL TO
            DISTRICT COURT

The Magistrate relied on *Tabet v. United States Securities & Exchange Commission*, 12-CV-1596-IEG (DHB) (S.D. Cal., August 6, 2012) (Doc. 12-1) (hereafter "*Tabet*"). In that case, a motion very similar to Mr. Berkman's was filed to prevent the SEC from seizing bank records of Mr. Tabet. The Court firstly noted that the SEC has broad powers to conduct legitimate investigations. *Tabet* at 6-7. The Court secondly found the bank records to be "relevant" to an investigation. Based on the content of the SEC's Verified Opposition in the instant case, *some* documents may be relevant but not all documents.

The Court's reliance on *United States v. Miller*, 425 U.S. 435 (1976) has been seriously compromised by *United States v. Jones*, ___ U.S. ___,132 S. Ct. 945, 181 L. Ed.2d 911 (2012). In *Jones* the government attached a GPS device to a vehicle and used it to monitor the vehicle's movements. The Court held that constituted a search. It noted the Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and *effects*, against unreasonable searches and seizures." (Emphasis added). The Court found the government had made a physical intrusion on an "effect" for the purpose of obtaining information which constituted a search.

The instant case is no different. The SEC is searching the "effects" of the plaintiff without a warrant. The *Jones* Court went on to note Judge Harlan's concurrence in *Katz v. United States*, 389 U.S. 347 (1967), which said that the Fourth Amendment protects a person's "reasonable expectation of privacy," *id*. at 360. No one can deny that plaintiff

has a "reasonable expectation of privacy" in his checks. "[I]t may be necessary to reconsider the premise that an individual has no reasonable expectation of privacy in information voluntarily disclosed to third parties." *Id*. at 957 (Sotomayor, J., concurring); *see also id*. at 957-64 (Alioto, J., concurring).

In *Kyllo v. United States*, 533 U.S. 27, 35 (2001), the Court rejected the proposition that information that is ascertainable by others has by definition been knowingly exposed to the public. The Court held that the use of a thermal imaging device to measure heat emanating from a home was a search, even though heat that has escaped from a home is ascertainable by others without invading the or even touching the house. And in *O'Connor v. Ortega*, 480 U.S. 709 (1987), the Court held that a public employee can have a reasonable expectation of privacy in personal effects kept in his or her office desk and file cabinets, even though the employee knows that supervisors and colleagues have access to the employee's office.

The basic holding of *United States v. Miller*, 425 U.S. 435, 442 (1976) is that one has no privacy interest in that he has made public. But both *Jones* and *Kyllo* dispense with that canard.

The SEC in its Opposition stated that "the apparent scheme being investigated dates at least as far back as 2010, and there is also evidence indicating that other relevant information dates back well before 2009." Opposition at 10. It does not, however, tie bank records to this alleged relevant information. If the SEC has information regarding

Page 3 -    OBJECTIONS TO MAGISTRATE'S ORDER AND APPEAL TO
             DISTRICT COURT

persons investing funds with Venture Trust II, LLC, bank records sought should be confined to the dates of such investments and thereafter.

The *Tabet* decision misapplied the law regarding the scope of the subpoena and plaintiff's allegations it was overbroad and constituted a "fishing expedition." *Tabet* at 10. While a subpoena is not a search warrant, it may constitute one by the very breadth of its demands.[2]  An administrative subpoena may not be "too indefinite or broad." *Peters v. United States*, 853 F.2d 692, 699 (9th Cir. 1988).  A Fourth Amendment reasonableness inquiry must always be satisfied. *See Reich v. Mont. Sulphur & Chem. Co.*, 32 F.3d 440, 444 n.5 (9th Cir. 1994).

A warrant requires particularity, *see, e.g., Center Art Galleries-Hawaii v. United States*, 875 F.2d 747, 751 (9th Cir. 1989), and no less a restriction should be placed on subpoenas.  For instance, how much money a person pays on his taxes is protected information and requires special authorization for an agency of the government to obtain. Payments may be made to organizations or political parties which is no business of the SEC.

It is not impossible for the SEC to specify what it wants.  It simply does not wish to do so.  In *United States v. Cardwell,* 680 F.2d 75,77 (9th Cir. 1982), a warrant was held insufficiently particular which authorized the seizure of "documents, books, ledgers, records, and objects which are evidence of violation of federal criminal law."  The Court

---

[2] SEC investigations often are transformed into criminal prosecutions.

Page  4  -     OBJECTIONS TO MAGISTRATE'S ORDER AND APPEAL TO
               DISTRICT COURT

noted that "even the most specific descriptions (checks, journals, ledgers, etc.) are fairly general." *Id*. at 78-79. Why should the SEC be allowed to rummage at will through a person's personal financial matters?

Mr. Berkman also has a constitutional right of freedom of association which is clearly violated by permitting the government to conduct a "fishing expedition" into with whom he may associate. *Cf. NAACP v. Alabama*, 357 U.S. 449 (1958); *Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182, 204 (1999).

Dated this 21st day of August, 2012.

Respectfully Submitted,

CRAIG BERKMAN
7722 Still Lakes Drive
Odessa, FL 33556
Telephone: (503) 799-4409

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that I have mailed or delivered a copy of the

attached OBJECTIONS TO MAGISTRATE'S ORDER AND APPEAL TO DISTRICT

COURT to Kevin Solonsky, Senior Counsel, United States Securities and Exchange

Commission, 100 F. Street, N.E., Washington, D.C. 20549-9612 on August 21, 2012.

CRAIG BERKMAN
7722 Still Lakes Drive
Odessa, FL 33556
Telephone: (503) 799-4409

CERTIFICATE OF SERVICE