UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CRAIG BERKMAN, | : |
| Movant, | : |
| v. | : 8:12-mc-00066-EAK-TGW |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : |
| Respondent. | : |

**RESPONSE OF SECURITIES AND EXCHANGE COMMISSION
TO MOVANT'S OBJECTIONS TO MAGISTRATE'S ORDER**

The SEC submits this response to the objections of movant Craig Berkman ("Berkman") to the Magistrate's Order denying his motion, pursuant to the customer challenge provisions of the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. 3401 et seq., to quash an investigative subpoena, issued June 14, 2012 by Securities and Exchange Commission ("SEC") staff ("Staff") to Bank of America, N.A. ("BOA") seeking his bank records. This Court should deny Berkman's Objections and enforce the subpoena because the bank records sought are relevant to a legitimate law enforcement investigation.

## BACKGROUND

On June 22, 2012, Berkman filed a motion to quash the SEC's subpoena.[1] After the motion was initially dismissed because, among other reasons, Berkman failed to follow this Court's local rules, Berkman filed an amended motion. In his amended motion, Berkman argued that the subpoena should be quashed because: (1) it sought records from prior to 2012; (2) it lacked specificity in violation of the Fourth Amendment; (3) it constituted an illegal "fishing expedition;" and (4) it violated various privacy rights of Berkman. The SEC addressed these arguments in its response to the amended motion and Magistrate Thomas G. Wilson issued an order denying Berkman's amended motion.

On August 21, 2012, Berkman filed objections to the Magistrate's Order. In his objections, Berkman raised the same four arguments as in his amended motion, as well as one new argument that recent Supreme Court decisions concerning the

---

[1] To minimize delays to agency investigations, the RFPA requires customer challenges to be decided within seven days after the Government files its response to a motion to quash. 12 U.S.C. 3410(b); SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 746 (1984). Customer challenges delay agency investigations because the filing of a challenge automatically stays production of the subpoenaed records. Financial institutions may not disclose records sought until the Government certifies in writing that it has complied with the RFPA. 12 U.S.C. 3403(b). Here, Berkman filed his initial motion June 22, 2012.

Fourth Amendment somehow erode existing case law applicable to the RFPA. As explained below, this Court should deny Berkman's objections and enforce the subpoena.

## ARGUMENT

Under the RFPA, a court must deny a customer challenge to a subpoena issued pursuant to the RFPA if the Government establishes that the subpoenaed documents are relevant to a legitimate law enforcement inquiry. 12 U.S.C. 3410(c). Magistrate Wilson correctly ruled that the SEC is entitled to Berkman's bank records, finding that "there is a demonstrable reason to believe that the agency is conducting a legitimate law enforcement inquiry and that the records sought are relevant to that inquiry." See Sandsend Financial Consultants, Ltd v. Federal Home Loan Bank Board, 878 F.2d 875, 877 (5th Cir. 1989).

Magistrate Wilson also correctly denied the four arguments that Berkman raised in his amended motion and that he repeats in his objections to the Magistrate's Order. First, Berkman argues that the SEC should not be permitted to seek records prior to the date when persons first invested in Ventures Trust II. Objections at 3-4. [2] Berkman does not identify the date when persons first

---

[2] Previously, Berkman's argument about a relevant time period for the SEC to obtain bank records was different. In his amended motion, Berkman argued that the SEC should not be entitled to records prior

-3-

invested in Ventures Trust II.  Id.  The SEC, however, should be entitled to Berkman's records from January 1, 2009 to the present as the SEC has a reasonable belief that records dating back to 2009 are relevant to its investigation.  As described in its Verified Opposition to Berkman's motion, Staff has obtained evidence that the apparent scheme being investigated dates at least as far back as 2010, and that other evidence relating to the scheme dates back as far as 2004.  Verified Opposition at 4.

     Second, Berkman argues that the subpoena should be quashed because it is "too indefinite" and "insufficiently particular."  Objections at 4-5.  This argument lacks merit because the subpoena is very specific as to what documents it seeks.  The subpoena seeks nine types of records from Berkman's account at BOA, from January 1, 2009 to the present, including all account opening documents, all signature cards, and all account statements.  The subpoena is not vague and leaves no question as to the specific records sought.

     Third, Berkman argues that the subpoena should be quashed because it constitutes an illegal "fishing expedition" where only "some documents" are relevant to the SEC investigation.  Objections at 2, 4-5.  The SEC subpoena,

---

to the date Facebook filed a registration statement with the SEC concerning a contemplated IPO (February 1, 2012).  Amended Motion at 1-2.

however, does not constitute an illegal fishing expedition. Reason dictates, and the case law confirms, that it is enough for the requesting agency to demonstrate a reasonable belief that the subpoenaed records overall contain information relevant to its investigation. In re John Doe, 1990 U.S. Dist. LEXIS 10460, *2; Catalano, 1981 U.S. Dist. LEXIS 15728, *2 (subpoenaed information is relevant if it "'might throw light' on matters germane to the Commission's inquiry"). Here, the SEC has demonstrated that, in the context of the SEC's investigation, the subpoenaed records are relevant. The SEC cannot ensure that it has all records directly pertaining to the issues it is investigating and all records it needs to trace funds in the accounts unless it obtains the records it subpoenaed from BOA.

Fourth, Berkman argues that the subpoena violates other Constitutional privacy rights, such as Berkman's right to freedom of association. Objections at 5. This argument lacks merit as the RFPA sets forth those rights that individuals have regarding bank records, and the SEC has satisfied all privacy rights by complying with the RFPA provisions. See United States v. Miller, 425 U.S. 435 (1976) (individuals have no fourth amendment interest in records that banks and other financial institutions are required to maintain). Berkman's vague references to Constitutional privacy rights simply do "not provide a basis for relief under the [RFPA]." Hancock v. Marshall, 86 F.R.D. 209, 211 (D.D.C. 1980); see also

Panaro v. SEC, 1987 U.S. Dist. LEXIS 16810, *2 (Denying motion to quash and finding that conclusory references to U.S. Constitution "fail[] to satisfy the burden to demonstrate that there is a factual basis for concluding that the subpoenaed records contain no information relevant to the SEC investigation."). As these other courts have properly rejected the same conclusory assertions, the SEC respectfully submits that this Court do the same.

Finally, Berkman advances now an untimely objection he did not raise before the Magistrate. Berkman argues that the subpoena is defective because the Supreme Court decision in Miller, 425 U.S. 435, which held that there is no protectable Fourth Amendment interest in bank records, has been eroded by subsequent Supreme Court cases such as United States v. Jones, __ U.S. __, 132 S.Ct. 945 (2012) (Government's attachment of GPS device to car constitutes Fourth Amendment search) and Kyllo v. United States, 533 U.S. 27, 35 (2001) (Government's use of thermal imaging device constitutes Fourth Amendment search). Objections at 2-3. Cases such as Jones and Kyllo, however, have no relevancy to the present situation because, among other reasons, they concern the Government's surreptitious use of scientific devices to obtain information rather than the Government's subpoena of records from a bank pursuant to established authority. Here, the SEC issued the subpoena pursuant to the RFPA and fully

complied with the RFPA's provisions.

## CONCLUSION

Accordingly, the SEC requests that this Court deny Berkman's objections to the Magistrate's Order and order the subpoena enforced.

                                  Respectfully submitted,

                                  /s/ Kevin D. Solonsky
                                  KEVIN D. SOLONSKY
                                  Senior Counsel
                                  D.C. Bar No. 437119

                                  Securities and Exchange Commission
                                  100 F Street, N.E.
                                  Washington, D.C.  20549-9612
                                  Tel.:  (202) 551-5014
                                  Fax:  (202) 772-9263
                                  solonskykd@sec.gov

Dated:       September 4, 2012

## **CERTIFICATE OF SERVICE**

I, Kevin D. Solonsky, certify that on September 4, 2012, I caused a true and correct copy of the Response of Securities and Exchange Commission to Berkman's Objections to Magistrate's Order to be served on the person listed below by overnight delivery:

>Craig Berkman
>7722 Still Lakes Drive
>Odessa, Florida 33556
>(503) 799-4409

>/s/ Kevin D. Solonsky
>KEVIN D. SOLONSKY